**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PYRAMID COMPANY OF ONODAGA**
**and DESTINY USA ENTERPRISES, LLC,**

        **Plaintiffs,**

**-vs-**                                          **Case No. 6:08-cv-1819-Orl-31GJK**

**LAND COMPANY OF OSCEOLA**
**COUNTY, LLC, ANTHONY V.**
**PUGLIESE, INC. and ANTHONY V.**
**PUGLIESE, III,**

        **Defendants.**
_____

## ORDER

This matter came before the Court without oral argument upon consideration of Defendants', Land Company of Osceola County, LLC, Anthony V. Pugliese, Inc. and Anthony Pugliese, III ("Defendants"), Motion to Dismiss (the "Motion") (Doc. 63) and Plaintiff's, Pyramid Company of Onodaga and Destiny USA Enterprises, LLC ("Plaintiffs"), response in opposition thereto (Doc. 65).

**I. Overview**

This case arises out of a dispute between two "eco-friendly" developments: the Destiny USA development in Syracuse, New York, and the Community of Destiny (or Destiny Florida) development near Yeehaw Junction, Florida. According to Plaintiffs' Amended Complaint, Destiny USA will be "an eco-friendly destination resort...complete with world-class hotels, restaurants, shops, a variety of entertainment venues, and cutting edge environmental research

facilities, all developed and maintained through the use of renewable energy" (Doc. 46 at 2).
According to Defendants, the "Community of Destiny" will be an eco-friendly, "sixty-two (62) square mile fully functioning community and municipality providing (among other things) residential homes and apartment complexes, schools, hospital services, police and fire states and even an airport" (Doc. 63 at 2). The gravamen of Plaintiffs' suit is that Defendants have infringed their registered "Destiny USA" service mark in violation of federal trademark law by promoting the Destiny Florida development with a similar mark.

More specifically, Plaintiffs have asserted six claims in their Amended Complaint. Count I alleges federal trademark infringement in violation of Section 1114 ("§ 1114") of the Lanham Act, codified at 15 U.S.C. § 1111 *et seq.* (the "Lanham Act"). Count II alleges unfair competition in violation of Section 1125 ("§ 1125") of the Lanham Act. Count III alleges that Defendants have falsely designated the origin of their services in violation of Section 1125 of the Lanham Act. Count IV alleges trade name and service mark infringement in violation of Florida common law. Count V alleges unfair competition under Florida common law. Count VI alleges unfair and deceptive trade practices in violation of the Florida Deceptive and Unfair Trade Practices Act, codified at FLA. STAT. § 501.201 *et seq.* ("FDUPTA").

In their instant Motion, Defendants have moved to dismiss the Amended Complaint pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. The parties agree that federal law is controlling with respect to Counts I – III, and that Florida substantive law is controlling with respect to Counts IV – VI.

## II. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

## III. Analysis

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

Defendants have moved to dismiss the entire Amended Complaint pursuant to FED. R. CIV. P. 12(b)(1). Specifically, Defendants contend that this Court lacks subject matter jurisdiction inasmuch as the Florida Legislature has officially designated and named the Community of Destiny. Citing a 2007 appropriation bill signed into law by Florida's Governor, Defendants argue that, "To the extent that the Amended Complaint [asks] this Court to abrogate the right of the State of Florida to govern as it sees fit – and thus be unable to officially name certain municipalities within its borders – this Court lacks jurisdiction and the relief ultimately sought by Plaintiffs is moot" (Doc. 63 at 8-9).

Plaintiffs respond by noting that Defendants have failed to identify any relevant legal authority for the proposition that a State's naming of a municipality moots a Lanham Act claim against a non-governmental party. More specifically, Plaintiffs contend that "The action taken by the Florida legislature in passing an appropriation bill...is not a trademark use within the scope of the Lanham Act...and does not insulate Defendants from liability for their infringement of Pyramid's DESTINY Marks in promotion of their commercial real estate development" (Doc. 65 at 7).

Upon review, the Court concludes that Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is without merit at this stage of the proceedings. While the Lanham Act does not provide trademark protection for geographically based marks that are primarily descriptive, it does provide protection for geographically based marks that have acquired distinctiveness or secondary meaning. *See* 15 U.S.C. § 1052(f); *see also Boston Beer Co. v. Slesar Bros. Brewing Co.*, 9 F.3d

175 (1st Cir. 1993); RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 14, cmt. d (1995). The Court cannot presently conclude, as a matter of law, that the "Community of Destiny" or "Destiny" is primarily a descriptive geographical term or whether these terms have acquired distinctive or secondary meaning in the context of the instant litigation. Furthermore, the Court cannot conclude that the Florida Legislature's designation in 2007 of the Community of Destiny – a place which, to at least to the Court's knowledge, was never previously known as the Community of Destiny – vitiates Plaintiffs' prior registration of the "Destiny USA" mark in 2004. Accordingly, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) will be denied.

### B. Motion to Dismiss Pursuant to Rule 12(b)(6)

#### 1. Counts I – III

To state a claim of trademark infringement, Plaintiffs must allege that: (1) they possess a valid mark; (2) that Defendants used the mark; (3) that Defendants' use of the mark occurred in "commerce"; (4) that Defendants used the mark in connection with the sale or advertising of any goods or services; and (5) that Defendants used the mark in a manner likely to confuse consumers. *See*, *e.g.*, *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1218 (11th Cir. 2008)(citations omitted).

Defendants contend that Counts I – III fail as a matter of law inasmuch as Plaintiffs cannot demonstrate a likelihood of confusion. Based on the seven factors articulated by the Eleventh Circuit to determine likelihood of confusion, *see Dieter v. B&H Indus. of Southwest Fla., Inc.*, 880 F.2d 322 (11th Cir. 1989), Defendants argue, *inter alia*, that Plaintiffs' mark is weak, that the parties' marks and products are dissimilar, and that there is no evidence of actual confusion

inasmuch as neither Plaintiffs' nor Defendants' respective developments are actually open for business.

Plaintiffs counter by noting that the determination of likelihood of confusion is a question of fact which cannot properly be resolved on a motion to dismiss (Doc. 65 at 9, citing *Jellibeans, Inc. v. Skating Clubs of Ga., Inc.*, 716 F.2d 833 (11th Cir. 1983)). Plaintiffs further contend that the Amended Complaint provides ample notice regarding likelihood of confusion. In particular, Plaintiffs note that the complaint clearly alleges that Defendants' use of the word "destiny" in connection with the promotion of their similar eco-friendly development has led to consumer confusion, that Plaintiffs and Defendants have, in fact, competed for the same consumers, and that the parties' respective marks are similar.

While Plaintiffs' infringement claims appear weak, the Court concludes that Plaintiffs have provided sufficient notice to Defendants as to the nature and extent of their claims. With respect to the likelihood of confusion, in particular, Counts I – III clearly include short and plain statements showing that Plaintiffs are entitled to relief. Accordingly, Defendants' Motion to Dismiss Counts I – III will be denied.

### 2. Counts IV – VI

Inasmuch as Defendants' only basis for dismissing Counts IV – VI turns on the dismissal of Counts I – III (Doc. 63 at 19-20), Defendants' Motion to Dismiss Counts IV – VI will be denied.

**IV. Conclusion**

Based on the foregoing, it is **ORDERED** that Defendants', Land Company of Osceola County, LLC, Anthony V. Pugliese, Inc. and Anthony Pugliese, III ("Defendants"), Motion to Dismiss (Doc. 63) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 4, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE